Filed 2/11/14  P. v. Roberts CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058777 |
| v. | (Super.Ct.No. FVI1300671) |
| RAYMOND AUSTIN ROBERTS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Reversed in part and affirmed in part with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Raymond Austin Roberts pleaded guilty in 2013 to one count of receiving a stolen vehicle and admitted one prior automobile theft conviction.

1

The stipulated term was four years imprisonment, to be served in the county jail. Defendant filed a notice of appeal, contending that, at sentencing, the trial court improperly imposed a crime prevention fine.

The People concede the error. Accordingly, we reverse as to the imposition of the crime prevention fine.

### FACTS AND PROCEDURAL HISTORY

Police officers conducted a stop of a vehicle bearing a license plate on a list of stolen vehicles. Defendant was the driver. Defendant claimed he had received the car from a couple he had known only a short time, and had been using the car to get to work. The ignition key defendant was using appeared to be shaved or altered. The car also bore different license plates on the front and the rear. Defendant at first said that, although he considered the filed-down ignition key a little odd, he never thought the car was stolen. He never noticed that the car had two different license plates. At a later point in questioning, defendant changed his story somewhat, and claimed that he had been using a different ignition key earlier in the week. The shaved or altered key could not be removed from the ignition.

Security camera footage of the apartment complex of the car's owner showed someone similar in appearance to defendant taking the car. Defendant took the officers to the residence of the couple, "Alex" and "Amy," from whom defendant said he had received the car. Amy Y. told the officers she did not know defendant and she had

2

nothing to do with the stolen car. Defendant insisted that he had not stolen the car, but had only driven it.

Defendant was charged by a felony complaint with unlawful taking or driving of a motor vehicle (count 1) (Veh. Code, § 10851, subd. (a)), receiving stolen property (motor vehicle) (count 2) (Pen. Code, § 496d, subd. (a)), and a misdemeanor unlawful possession of a motor vehicle key (count 3) (Pen. Code, § 466.7). As to counts 1 and 2, the complaint alleged that defendant had suffered three prior vehicle theft convictions in 1996, 1998 and 2008. The complaint also alleged nine prior prison term enhancements under Penal Code section 667.5, subdivision (b).

At the time set for the preliminary hearing, the parties stipulated to treat the complaint as an information. Defendant agreed to plead guilty to count 2, receiving a motor vehicle as stolen property (Pen. Code, § 496d, subd. (a)), and to admit one prior auto theft conviction. The agreed term was four years imprisonment to be served in the county jail. The parties stipulated that the police report would provide a factual basis for the plea. The remainder of the charges and enhancements in the complaint were dismissed.

Defendant requested immediate sentencing. The court imposed the aggravated term of four years, to be served in local custody pursuant to Penal Code section 1170, subdivision (h). The court awarded 26 days of custody credits, consisting of 13 days of actual custody time plus 13 days of conduct credit time. Among other things, the court imposed criminal conviction fees and court facilities fees of $70, imposed a $280

3

restitution fine, imposed and stayed a parole revocation fee in the same amount, and imposed a crime prevention fine of $10, plus $31 in penalties and assessments pursuant to Penal Code section 1202.5.

Defendant filed a timely notice of appeal. The appeal challenges, in part, the validity of the plea. Defendant requested and obtained a certificate of probable cause.

After sentencing, defendant wrote a letter to the court, asking to withdraw his plea. Defendant's letter asking to withdraw his plea was returned to him, and is not part of the record on appeal. The court also set a hearing on the amount of restitution to be paid to the victim. The court relieved the public defender and appointed conflict counsel; defendant ultimately waived his right to a restitution hearing, and stipulated to a restitution order of $1,370.

The sole issue now raised on appeal is the propriety of the crime prevention fine (and connected assessments) under Penal Code section 1202.5.

## ANALYSIS

The trial court purported to impose a crime prevention fine on defendant of $10, together with penalty assessments of $31, for a total of $41. Defendant points out that Penal Code section 1202.5 applies only to certain listed offenses: violations of sections 211, 215, 459, 470, 484, 487, subdivision (a) of section 487a, 488, and 594. Violation of Penal Code section 496d is not one of the listed offenses.

The People concede that the crime prevention fine, and its attendant penalties and assessments, were improperly imposed in this case.

4

## DISPOSITION

Defendant was convicted of a violation of Penal Code section 496d, subdivision (a), receiving a stolen motor vehicle. That offense is not subject to the crime prevention fine and assessments provided in Penal Code section 1202.5. The judgment is reversed in part, to strike the crime prevention fine of $10, and associated penalty assessments of $31. The court is also ordered to modify the abstract of judgment to reflect this correction, and to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.